IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE ELLIS |
| | ) | |
| v. | ) | Case No. 14 C 4384 |
| | ) | |
| CITY OF CHICAGO ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTIONS *IN LIMINE***

Defendants City of Chicago, Robert Cavallone and Brett Kellam, (all three collectively "Defendants") by and through one of their attorneys, Jason Marx, Assistant Corporation Counsel, pursuant to the Federal Rules of Evidence, respectfully move this Court to enter Orders *in limine* as follows:

**MOTION *IN LIMINE* NO. 1**

**BAR ANY EVIDENCE, TESTIMONY OR ARGUMENT THAT ANY OFFICER FAILED TO PROVIDE PLAINTIFF WITH MEDICAL TREATMENT**

Plaintiff filed his initial complaint on June 12, 2014 against the City of Chicago, Robert Cavallone and others not presently known to Plaintiff. *Dkt. #1.* Plaintiff's initial complaint contained three counts: excessive force, failure to provide medical treatment, and battery. *Id.* Plaintiff filed his amended complaint on February 18, 2015 alleging only one count of excessive force against Robert Cavallone and Brett Kellam. *Dkt. #21-1.* While Plaintiff's operating complaint does not include failure to provide medical treatment as an enumerated count, Plaintiff does allege, "At the police station, officers present could see that Plaintiff's right eye had sustained an injury, but Plaintiff was never provided any medical treatment." *Id.* at ¶14.

Plaintiff must be barred from presenting any argument, testimony, or evidence that any officer failed to provide him with medical treatment. Plaintiff testified that, while at the police station, a lieutenant and a sergeant asked him if he wanted medical treatment and Plaintiff responded "no, that he did not want medical assistance." *See attached* Exhibit A, Deposition of Gregory Temple, at 113:21 – 114:14. Thus, any argument or insinuation made that Plaintiff was refused or not provided medical treatment would not be made in good faith nor would it be relevant as failure to provide medical assistance is no longer a claim in this action. FRE 402.

## MOTION *IN LIMINE* NO. 2

## BAR GENERALIZED EVIDENCE OF POLICE "CODE OF SILENCE"

Defendants seeks to bar Plaintiff from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers. This Court should exclude such evidence because conclusory statements without support are not relevant to the jury's determination of the credibility of the police testimony in this case and would be extremely prejudicial to Defendants.

It is anticipated that Plaintiff will attempt to introduce at trial *generalized* testimony, evidence, or argument of an alleged police "code of silence" maintained by the Chicago Police Department and/or police in general to protect fellow officers accused of wrongdoing. However, evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed R. Evid. 403.

At trial, the only relevant inquiry is related to the Defendant Officers' interaction with Plaintiff. Given this narrow inquiry, general evidence of a police "code of silence" or similar argument has no bearing whatsoever on the jury's assessment of the Defendant Officers' conduct in this case. Such generalized evidence has no specific relationship to the officers, former officers, or other police department personnel testifying in this case, it is not relevant to the jury's determination of their credibility. *See Shaw v. City of New York*, No. 95 Civ. 9325, 1997 WL 187352, at *7-9 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City police officers protect fellow officers and lie if necessary to do so); *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238, at *4 (N.D. Ill. Jan. 22, 1996) (granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct). Moreover, as the court warned in *Shaw*:

> If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent.

*Shaw*, 1997 WL 187352 at *9. This Court too should decline to open the floodgates to such evidence, especially since the *Monell* claim has dismissed from this case.

This motion does not seek to bar Plaintiff from arguing that police officers in this case are lying for each other. Defendants seeks to bar generalized accusations and use of the terms "code of silence", "thin blue line", "blue shield" or the like. Accordingly, this Court should bar Plaintiff from presenting at trial any testimony, evidence or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers.

3

## MOTION *IN LIMINE* NO.  3

### BAR REFERENCE TO OTHER PUBLICIZED EVENTS CONCERNING ALLEGATIONS OF POLICE MISCONDUCT

Defendants believe that Plaintiff may attempt to mention, discuss or refer to other events regarding alleged police misconduct, such as, but not limited to, highly publicized incidents like Trayvon Martin (Sanford, FL), Michael Brown (Ferguson, MO), Eric Garner (New York City, NY), Chicago Police Officers Jon Burge, Anthony Abbate, among others.  Such incidents have placed the issue of allegations of police misconduct before the public by way of extensive media coverage, such that law enforcement personnel are often depicted in an unfavorable, and even hostile, manner.  Defendants do not condone any of this alleged and/or otherwise documented conduct and should not be forced to defend the conduct of others, in non-related incidents, in this Court.

Comments and implied references regarding police misconduct in other cases have absolutely no probative value and are totally irrelevant to the issues presented.  Accordingly, Plaintiff should be precluded from making any reference to any alleged non-related police misconduct, including highly publicized instances of such misconduct, here in Chicago or in other jurisdictions. *See Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (granting similar motion).

## MOTION *IN LIMINE* NO. 4

### BAR ANY EVIDENCE, TESTIMONY OR ARGUMENT THAT ANY OFFICER VIOLATED CHICAGO POLICE DEPARTMENT GENERAL ORDERS, SPECIAL ORDERS, RULES, AND REGULATIONS

Plaintiff must be barred from introducing into evidence, providing any testimony or argument that any officer violated any general orders, special orders, rules and regulations as

irrelevant. Violations of state statutes, local ordinances, or administrative or department regulations do not give rise to an action under section 1983, unless the rights are guaranteed under the United States Constitution. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Thompson v City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1048-49 (7th Cir. 1995); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1349 (7th Cir. 1985). Furthermore, courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the Fourth Amendment. *See Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc); *see also Graham v. Connor*, 490 U.S. 386 (1989). Therefore, whether the Defendant Officers or any police officer violated Chicago Police Department rules, regulations, or directives is irrelevant to Plaintiff's section 1983 claims. Fed. R. Evid. 401 and 402. If this Court were to permit Plaintiff to present evidence or suggest to the jury that Defendant Officers or other police officers may have breached some obligation they had to their employer through an alleged rule violation would be confusing to the jury and unfairly prejudicial to Defendants in the defense of this matter. Fed. R. Evid. 403. *See Walker v. City of Chicago*, No. 91 C 3669, 1992 WL 317188, \*4 (N.D. Ill. Oct. 27, 1992).

Even if said orders, rules and regulations are used for impeachment purposes only, they would confuse the issues that are before the jury and invite them to decide this case on a standard other than the standard which the law requires.

Accordingly, Plaintiff should not be permitted to inject the possibility of a rule violation into these proceedings. Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiff should not be allowed to argue, present evidence, or imply that Defendant Officers or any police officer

may have violated the rules and regulations of the Chicago Police Department in any

involvement with Plaintiff they may have had.

## MOTION *IN LIMINE* NO. 5

### BAR ANY TESTIMONY, EVIDENCE, ARGUMENT, OR INNUENDO THAT ANY NON-DEFENDANT POLICE OFFICERS ENGAGED IN MISCONDUCT

Defendants move for an order barring any testimony, evidence, argument, or innuendo

from Plaintiff, Plaintiff's counsel, or any witness, that any non-Defendant police officers, non-

Defendant Chicago Police Department personnel in this matter, or any other City of Chicago

employee engaged in any misconduct or caused any injury to Plaintiff in any manner. Defendant

Officers cannot be held liable for the actions of another person. *Martin v. Tyson*, 845 F.2d 1451,

1455 (7th Cir. 1988); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Walker v. Rowe*,

791 F.2d 507, 508 (7th Cir. 1986).

To allow any testimony or argument with regard to an alleged injury caused by another

City of Chicago Police Officer or other City of Chicago employee invites the jury to find against

the Defendant Officers if they wanted to compensate Plaintiff for any such alleged injury and/or

to punish Defendants for the alleged actions of another individual. Accordingly, Plaintiff,

Plaintiff's attorney, and witnesses must be barred from mentioning or referring to any alleged

misconduct by any non-Defendant police officer, Chicago Police Department personnel, or any

other City of Chicago employee.

## MOTION *IN LIMINE* NO. 6

### BAR ANY EVIDENCE OR SUGGESTION THAT THE CITY IMPROPERLY TRAINS, DISCIPLINES OR INVESTIGATES MISCONDUCT OF OFFICERS OR HAS IMPROPER POLICIES AND PROCEDURES

Defendants seek to bar Plaintiff from arguing or eliciting testimony that the City of

Chicago improperly trains, disciplines, monitors or controls police officers.  Such information is

irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury.  Fed. R.

Evid. 401 and 403.  In Illinois, "[a] local public entity is not liable for an injury resulting from an

act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.   Thus, if

the Defendant Officers are not liable to Plaintiff in the instant case, neither can the City be liable

to Plaintiff.  *See Guidry v. Boyd*, No. 06 C 1600, 2007 WL 2317174, *15 (N.D. Ill. July 17,

2007).

Furthermore, no separate policy claim is pled against the City of Chicago.  To impose

liability on a municipality under §1983, Plaintiff must comply with the framework established by

the Supreme Court in *Monell v. New York City Dep't of Social Services*, in which the purported

constitutional injury must be proximately caused by the execution of an official government

policy or custom.  436 U.S. 658, 694 (1978).  Plaintiff has not plead that a policy or custom was

the direct cause of his alleged constitutional injuries. Therefore, any reference, question or

testimony that would imply or suggest that the City improperly trains, disciplines or investigates

police officers should be barred.

## MOTION *IN LIMINE* NO.  7

### BAR EVIDENCE OF, INCLUDING, BUT NOT LIMITED TO, CIVILIAN COMPLAINTS, LAWSUITS, EMPLOYEE OR OTHER DISCIPLINARY PROCEEDINGS, PENDING OR PAST CLAIMS AGAINST CHICAGO POLICE PERSONNEL

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument

regarding the prior disciplinary records of the Defendant Officers or any other police department

personnel involved in this incident.  Defendants' motion should be granted because such prior

7

disciplinary records are wholly irrelevant and highly prejudicial to the issue of the Defendant

Officers' conduct in this case.

Plaintiff's attempt to introduce testimony and evidence relating to prior instances of

alleged misconduct by the Defendant Officers and other non-defendant police officer witnesses

who may be called to testify at trial should be barred. This evidence would most likely be, but

not necessarily limited to, prior lawsuits and citizens' complaints against the Defendant Officers

and other police officer witnesses. Defendants move to bar other evidence of prior alleged

misconduct because it constitutes improper character evidence or propensity evidence under

Federal Rule of Evidence 404. Moreover, such evidence is irrelevant, hearsay, and any probative

value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, and misleading the jury. *See* Fed. R. Evid. 402 and 403.

Accordingly, this Court should preclude Plaintiff from attempting to elicit testimony or

otherwise introduce evidence relating to any prior discipline or other complaints of misconduct

against the Defendant Officers.

## MOTION *IN LIMINE* NO. 8

### BAR ANY TESTIMONY OR EVIDENCE
### REGARDING INDEMNIFICATION BY THE CITY OF CHICAGO

Any comment on indemnification by the City of Chicago should be precluded. Whether

the City of Chicago indemnifies the Defendant Officers is completely irrelevant to the issue of

whether the Defendant Officers are liable for any acts they may have performed that proximately

caused an injury to Plaintiff. Plaintiff has brought no *Monell* claim against the City and makes

no allegation that any City employee other than the Defendant Officers engaged in wrongdoing.

Since there is no claim against the City, the only true parties to this case are the Defendant Officers. Allowing Plaintiff to make such a connection would be highly prejudicial.

It is undisputed that the City has agreed to indemnify the Defendant Officers for any compensatory damages assessed in this case. Thus, the only reason to mention the City is to signal the jury that "deep pockets" are available to pay any judgment. Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411; *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992).

Knowledge that the City of Chicago will indemnify the Defendant Officers for possible damages might encourage jurors to find for Plaintiff—regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors.

## MOTION *IN LIMINE* NO. 9

### BAR ANY REFERENCE TO PUNISHING OR SENDING A MESSAGE TO THE CITY

Plaintiff should be barred from making any argument that the jury should "send a message" to the City with its verdict, or that the jury should somehow punish the City with its verdict. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from the City. *See* 745 ILCS 10/2-102; *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff should not be allowed to imply to the jury that punishment can serve as a legitimate basis for an award against the City. Any such implication would be unfairly prejudicial to the Defendant Officers. *See* Fed. R. Evid. 403.

## MOTION *IN LIMINE* NO.  10

### BAR ANY IMPLICATION OR TESTIMONY THAT CHICAGO POLICE DEPARTMENT PERSONNEL ARE BEING PAID BY THE CITY TO APPEAR IN COURT AND TESTIFY

Defendant Officers and any potential officer witnesses are members of the Chicago Police Department who earn a salary and will continue to be paid during this trial. As such, Defendants move to bar Plaintiff from making any statements or inferences that he, and non-defendant officer witnesses (if any are called to testify), are being paid for their time in court because it is highly prejudicial.

## MOTION *IN LIMINE* NO.  11

### BAR ANY TESTIMONY OR ARGUMENT REGARDING SETTLEMENT

Any testimony from Plaintiff or any of his witnesses with regard to any attempts made to settle this matter, including, but not limited to testimony that Plaintiff offered or refrained from offering any settlement proposal, testimony that Defendants made any or no offer to dispose of this case, or testimony alleging that Defendants did not accept Plaintiff's attempt to settle this matter should be barred. Such testimony is highly prejudicial and has no probative value whatsoever.

## MOTION *IN LIMINE* NO. 12

### REMOVE THE CITY OF CHICAGO AS A NAMED DEFENDANT ON THE CASE CAPTION, THE VERDICT FORM, AND ANY EXHIBITS WHICH WILL BE PUBLISHED TO THE JURY

There is no substantive claim against the City of Chicago pled in Plaintiff's amended complaint.  The parties are in agreement that the Defendant Officers were acting within the scope

of their employment and under color of law at the time of this incident, and, therefore, if there is a finding of liability against one or both of the officers, the City is obligated to pay compensatory damages pursuant to 745 Ill. Comp. Stat. § 10/9-102. There is no reason for the City to remain as a party in the case caption or the verdict form, because there are no separate claims against the City in which the jury would make any separate and distinct findings against the City. Therefore, for the reasons stated above, the City should be removed as a party in the caption and the verdict form.

## MOTION *IN LIMINE* NO. 13

### (PLAINTIFF OBJECTS)

### BAR ANY EVIDENCE OF OR REFERENCE THAT IPRA INVESTIGATED THIS INCIDENT

Plaintiff should be barred from mentioning the investigation of the Defendant Officers in this case by the Independent Police Review Authority ("IPRA") and making any reference to an "internal investigation" or similar terms regarding the incident alleged in the complaint. The nature and quality of the IPRA investigation into the allegations raised by this lawsuit is entirely irrelevant to the claims, is prejudicial in that it could be used to suggest that the Defendant Officers in this case did something wrong, and would confuse the jury, as it may suggest that if any investigation took place, it was only done because some sort of misconduct occurred.

Reference to any IPRA investigation or internal investigation would unduly prejudice the Defendant Officers by creating an improper negative inference that the engaged in some form of wrongdoing bearing disciplinary scrutiny by an internal agency. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 818 (N.D. Ill. 2010) (barring evidence that the Office of Professional Standards "OPS" investigated the incident involving Plaintiff); *Delgado v. Mak*, No. 06 C 3757, 2008 WL

4367458, at *2 (N.D. Ill. 2008) (finding that potential prejudice from testimony regarding internal affairs investigation substantially outweighed its probative value and barred this evidence); *Sallenger v. City of Springfield*, No. 03-3093, 2007 WL 2683791, at *1 (C.D. Ill. 2007) (finding that evidence related to internal investigations, or lack thereof, and any outcome, was inadmissible as probative value is outweighed by danger of unfair prejudice if admitted as there was substantial risk of jury confusion or possibility that the jury would base its decision on improper basis).  To the extent any party is impeached with a prior sworn statement that was given to IPRA, the impeaching party should refer to the statement as having been given in a "prior proceeding."

The Seventh Circuit has not recognized an allegation of "inadequate police investigatory work" as a civil rights claim in the absence of another recognized constitutional right. *Jacobson v. National Railroad Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at *10 (N.D. Ill. 1999); *see also David v. Village of Oak Lawn*, 954 F. Supp. 1241, 1245-46 (N.D. Ill. 1996) (holding that plaintiff did not have constitutional right to have his complaints investigated).  Further, there is no *Monell* claim alleged by Plaintiff in this matter regarding the City's policies or procedures.   This motion should be granted because the proposed evidence is irrelevant, consists of inadmissible hearsay, lacks foundation, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and constitutes a subsequent remedial measure. See FED. R. EVID. 401, 402 and 403.


        **WHEREFORE**, Defendants respectfully request that this Court enter an Order granting the relief sought by the above motions.

Respectfully submitted,

/s/   *Jason Marx*                                        ,
JASON M. MARX
Assistant Corporation Counsel

12

30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
(312) 742-3902
Attorney No 6279266