UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY TEMPLE, | ) | |
| | ) | No. 14 CV 4384 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ellis |
| | ) | |
| ROBERT CAVALLONE | ) | |
| BRETT KELLAM | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

# **PROPOSED PRETRIAL ORDER**

**1. Jurisdiction:** The jurisdiction of this Court is founded upon the provisions of 28 U.S.C. §§ 1331 and 1343(a)(4).

**2. Trial Attorneys:**

<u>Plaintiff's Attorneys:</u>

| | |
|---|---|
| Brian Coffman | Mark F. Smolens |
| Coffman Law Offices | Richard Mottweiler |
| 2615 N. Sheffield Suite #1 | Nicole Barkowski |
| Chicago, IL 60614 | Mottweiler & Smolens, LLP |
| 773-348-1295 | 1627 Colonial Parkway - Suite 301 |
| | Inverness, Il 60067 |
| | 773-580-4982 MFS |
| | 312-259-0234 RRM |

<u>Defendants' Attorneys:</u>

Barrett Boudreaux
Kristin W. Pinkston
Jason M. Marx
City of Chicago Law Department
30 N. LaSalle Street, 9th Floor
Chicago, IL 60602
312-742-6404 BB
312-744-9212 KP
312-742-3902 JM

**3. Case Statement:**

Plaintiff Gregory Temple brings this action against Defendants Robert Cavallone and Brett Kellam, police officers employed by the City of Chicago. Mr. Temple alleges that on December 26, 2013 at approximately 4:30 in the afternoon, Defendants Cavallone and Kellam used excessive force on him in violation of his constitutional rights. Mr. Temple also alleges that Defendant Kellam failed to intervene to prevent Defendant Cavallone's use of excessive force. Defendants deny all of the Plaintiff's claims.

**4. Witness Lists**:
   Plaintiff's Witnesses:[1]
      (a) Witnesses who will be called to testify at trial:
Gregory Temple, the plaintiff herein, will testify about the events of December 26, 2013, the force used by the defendants and the injuries he sustained.

Brett Kellam, one of the defendant officers, will testify about the events of December 26, 2013 and his actions *vis a vis* the plaintiff.

Robert Cavallone, one of the defendant officers, will testify about the events of December 26, 2013 and his actions *vis a vis* the plaintiff.

   (b) Witnesses who may be called to testify at trial;
Nicole Temple, the plaintiff's daughter, may be called to testify about her observations of the plaintiff after the incident with the defendants, and his injuries.

Kim Causley, the plaintiff's niece, may be called to testify about her observations of the plaintiff after the incident with the defendants, and his injuries.

Dr. John P. Hanlon, may be called to testify about his treatment of the plaintiff's injuries.

Steve Nanini, MD may be called to testify about his treatment of the plaintiff's injuries.

Oiusola Balogun, MD, may be called to testify about his treatment of the plaintiff's injuries.

Angel Romero, may be called to testify about his observations of the plaintiff in the police station after his arrest.

   (c) Witnesses whose testimony a party will present by deposition or other prior testimony (indicating whether the presentation will be by transcript or video). Depending on witness availability
Steve Nanini, MD
Oiusola Balogun, MD

---

[1] Plaintiff reserves the right to call any witness listed by Defendants. Plaintiff also reserves the right to call witnesses for rebuttal or impeachment purposes outside of the witnesses disclosed herein by Defendants or Plaintiff

Defendants' Witnesses:
   (a) Witnesses who will be called to testify at trial:

1. Defendant Officer Robert Cavallone- Officer who stopped the Plaintiff, will testify regarding the events that occurred on December 26, 2013 including his interactions with Plaintiff

2. Defendant Officer Brett Kellam-Defendant Cavallone's partner, will testify regarding the events that occurred on December 26, 2013 including his interactions with Plaintiff

3. Plaintiff Gregory Temple-will likely testify regarding the events described in his Complaint

   (b) Witnesses who may be called to testify at trial:

1. Sergeant Angel Romero, Sergeant at the 8th District Station, may testify regarding his interactions with Plaintiff after his arrest

2. Lieutenant Richard McFarlane, Lieutenant at the 8th District Station, may testify regarding his interactions with Plaintiff after his arrest

3. Dr. Steven Nanini, treating physician, may testify regarding his treatment of Plaintiff

4. Dr. Olusola Balogun, resident treating physician, may testify regarding her treatment of Plaintiff

5. Dr. John Hanlon, Plaintiff's ophthalmologist, may testify regarding his treatment of Plaintiff

6. Nicole Temple, Plaintiff's daughter, regarding her interactions with Plaintiff after his arrest

7. Kim Causley, Plaintiff's niece, regarding her interactions with Plaintiff after his arrest

Defendants reserve the right to call any witness listed by Plaintiff. Defendants also reserve the right to call witnesses for rebuttal or impeachment purposes outside of the witnesses disclosed herein by the parties.

(c) Witnesses whose testimony a party will presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or

video). Depending on their availability, the deposition testimony of the following witnesses may be read in:

1. Dr. Steven Nanini, regarding his treatment of Plaintiff

2. Dr. Olusola Balogun, regarding her treatment of Plaintiff


**5. Exhibit Lists:**

A list by each side of all exhibits the party will definitely use at trial (including demonstratives, summaries of other specially prepared exhibits), which includes the following: (a) the exhibit number for each document; (b) the date of the document; (c) a brief description of the document and a concise statement of the exhibit's relevance; (d) whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objection (e.g., Rule 402— relevance; Rule 403—undue prejudice or confusion); and (e) a concise statement of the asserted basis of admissibility, if there is an objection

Plaintiff's Exhibits[2]
    1. Group Exhibit-Photos of Plaintiff's Injuries
    2. Advocate Christ Medical Center Bill dated March 19, 2014
    3. Advocate Medical Group Statement of Professional Services as of March 10, 2014
    4. Oak Lawn Radiology Bill dated February 10, 2014
    5. Dr. Hanlon Bill for Medical Services Dated March 5, 2014
    6. Advocate Christ Hospital and Medical Center Records December 27, 2013


*Plaintiff may use the following exhibits for identification, impeachment, to refresh recollection, as party admissions, prior inconsistent statements, and/or for another limited purpose:*
    A. Original Case Incident Report December 26, 2013
    B. Tactical Response Report December 26, 2013

---

[2] Plaintiff reserves the right to offer into evidence any of Defendants' exhibits and to offer into evidence such rebuttal exhibits which are not presently identified, as may be necessary.

Defendants' Exhibits:

1. Google Map of 3900 block of West 63rd Street, Demonstrative exhibit to show location of incident

2. Photograph of the 3900 block of West 63rd Street, Demonstrative exhibit to show location of incident

3. Demonstrative exhibits for Closing Argument

Defendant may use the following exhibits for identification, impeachment, to refresh recollection, as party admissions, prior inconsistent statements, and/or for another limited purpose:

4. Deposition Transcript of Gregory Temple (including videotaped version of deposition), 12/15/14, prior sworn statement for potential impeachment

5. Deposition Transcript of Nicole Temple, 2/17/15 and 3/18/15, prior sworn statement for potential impeachment

6. Deposition Transcript of Kim Causley, 2/19/15, prior sworn statement for potential impeachment

7. Plaintiff's Complaint, 6/12/14, statement of a party opponent under Fed.R.Evid. 801(d)(2)(B),(C) for potential impeachment

8. Plaintiff's Amended Complaint, 2/18/15, statement of a party opponent under Fed.R.Evid. 801(d)(2)(B),(C) for potential impeachment

9. Plaintiff's Answers to Defendant Cavallone's First Set of Interrogatories, 12/5/14, prior sworn statement for potential impeachment

10. Original Case Incident Report, 12/26/13, refresh recollection

11. Tactical Response Report, 12/26/13, refresh recollection

12. Case Supplementary Report, 12/26/13, refresh recollection

13. Event Query, 12/26/13, refresh recollection

**6. Damage Itemization:** Plaintiff is seeking reasonable compensation to be determined by the jury for the pain and suffering proximately caused by the conduct of the Defendants.  Plaintiff's claim for emotional distress and punitive damages are not subject to itemization.

Plaintiff's medical bills in this case include the following:
    Advocate Christ Medical Center      $ 2,198.00
    Advocate Medical Group -Dr. Nanini    $   340.00
    Oak Lawn Radiology                   $   106.78
    Dr. Hanlon                              $     93.00
                                                  $ 2,737.78

**7. Motions in Limine:**

A motion for extension of time for the filing of motions *in limine* is set to be heard before this Court on September 2, 2015. The Defendants filed their motion on August 19, 2015, while the Plaintiff intends to wait until the Court grants the extension before filing his motion.

**8. Voir Dire Questions:**

**Plainitff's  Proposed Additional Questions For Prospective Jurors:**

1.     Have you, or any relatives or close friends ever been employed by a law enforcement agency or security-related business?

2.     Have you ever applied for a job with a law enforcement agency or security-related business?

3.     Have you, or any relatives or close friends ever been employed by the City of Chicago, or by any local, state, or federal government agency?

4.     Have you, or any relatives or close friends, had any dealings with police officers that left you with strongly negative or strongly positive feelings about police officers generally?

5. Have you, or any relatives or close friends, ever been:

a) questioned or detained by a police officer?

b) arrested or charged with violating any law or ordinance?

c) convicted of a crime, jailed or imprisoned?

6. Is there anything about any of those prior experiences with law enforcement, either positive or negative, that could impact your ability to be a fair and impartial juror to both sides in this case?

7. Have you, or any relatives or close friends, ever been the victim of a crime?

**Defendants' Proposed Voir Dire Questions:**

1. Have you, or anyone close to you, ever been involved with a lawsuit against the City of Chicago or the Chicago Police Department? If so, who, when, and what were the circumstances?

2. Have you, or anyone close to you, ever sued or filed a complaint against any police officer or law enforcement agency?

3. Do you have any strong beliefs or opinions about the Chicago Police Department specifically, either positive or negative? What are they and why do you have those beliefs or opinions?

4. Have you, or anyone close to you, ever had force used against you by a police officer or witnessed a police officer's use of force against a person? If so, who, when, and what were the circumstances?

5. Do you have a negative opinion about the City of Chicago or any municipality?

6. Have you, a family member or a close friend ever been arrested? If so, what were the circumstances?

7. If you or a family member or close friend was arrested, do you or your family member or close friend believe that the arrest was unlawful?

8. Some people have opinions about the credibility of police officers. Would the fact that the Defendants are Chicago Police officers, by itself, cause you to give more or less weight to their testimony?

9. Is there anyone that has a problem with the concept that the plaintiff is the only one with the burden of proof in this case? You understand that means the Defendants don't have to prove anything?

10. Are any members of your family or close friends attorneys? If yes, what type of law do they practice?

11. Have you ever served on a jury before? If yes, was it civil or criminal? Were you a foreperson?

12. Have you, family member or close friend ever been involved in a lawsuit or a court-related proceeding, whether as a party or witness?

13. Do you believe that just because someone filed a lawsuit that they are entitled to money?

14. If the evidence supports it or the Plaintiff has not sustained their burden of proof could you send this Plaintiff out of the Courtroom with no money?

15. Do you feel that police officers in general lie, conspire, or cover-up the truth to protect themselves and fellow officers? If so, what is your basis for believing that?

16. Have you, or anyone close to you, ever participated in any crime prevention, victims' rights, or civil rights groups or organizations? If so, who, when, and what was the group?

17. Do you believe that if someone is a defendant in a civil case, it automatically means that person has done something wrong?

18. Would you like to serve on this jury? Why or why not?

19. If, after hearing all of the evidence and being instructed on the law, you do not believe the Plaintiff has proven his case, is there anything that could prevent you from finding for the defendant, even if it means the Plaintiff does not recover any money? Why or why not?

**Plaintiff's Response to Defendants' Questions:**

The Plaintiff objects to Defendants' questions 1, 2, 11, and 12, each of which is already covered by the Court's own questions.

Similarly, Defendants' proposed questions 6 and 7 are covered by Plaintiff's proposed questions 4-6, each of which is couched in terms more neutral and less inflammatory than the Defendants' proposals.

The Plaintiff objects to Defendants' proposed question 5, as being one-sided.

The Plaintiff objects to Defendants' proposed questions 9, 13-14, 17, and 19 as being argumentative, duplicative, and unnecessary in light of the standard preliminary instructions that Plaintiff's counsel believe will be given by this Court.

The Plaintiff objects to Defendants' proposed question 18, which creates the possibility, even likelihood that potential venire members will use it to avoid serving on the jury in this case.

## 9. Jury Instructions:

The parties' instructions are attached separately hereto.

Respectfully submitted,

/s/ Mark F. Smolens  
One of Plaintiff's Attorneys  
MARK F. SMOLENS  
Mottweiler & Smolens, LLP  
1627 Colonial Parkway  
Suite 301  
Inverness, Il 60067  
(773) 580-4982

/s/Jason M. Marx  
One of Defendants' Attorneys  
JASON M. MARX  
Assistant Corporation Counsel  
City of Chicago, Department of Law  
30 N. LaSalle Street Suite 900  
Chicago, IL 60602

Entered:

_____

Judge Sara L. Ellis

Dated: