UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 4384 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| ROBERT CAVALLONE, | ) |
| BRETT KELLAM, and others not presently | ) |
| known to Plaintiff, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants City of Chicago ("City"), Robert Cavallone, and Brett Kellam's (collectively, "Defendants") motions *in limine* [33] are granted in part and denied in part. See Statement for further details.

## STATEMENT

### 1. That Any Officer Failed to Provide Medical Treatment

Defendants ask the Court to bar Temple from presenting any evidence, argument, or testimony that any police officer failed to provide him with medical treatment. Temple has responded that he does not intend to offer such evidence.

Defendants' motion is therefore denied as moot.

### 2. Police "Code of Silence"

Defendants seek to bar any generalized evidence of a police "code of silence" or other evidence that police officers lie, conspire, or cover-up for other officers, arguing that such evidence has no relevance to the excessive force inquiry involving Cavallone and Kellam (the "Defendant Officers") and would be prejudicial. Temple has no objection to a bar on such generalized evidence, but argues that he should be allowed to argue the bias of these particular officers or their own motives to lie.

Generalized evidence of a police code of silence, cover-up, or conspiracy of lies on behalf of other officers is precluded as irrelevant. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 819 (N.D. Ill. 2010) (rejecting generalized evidence of code of silence); *Bruce v. City of Chicago,* No. 09 C 4837, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011) ("[G]eneralized allegations–separate and apart from what may be true of the officers named as

Defendants here–are not helpful and are akin to impermissible propensity evidence."). Temple is permitted, however, to "explore the possibility that the defense witnesses in this case are biased because of loyalty to one another." *Cooper v. Dailey*, No. 07 C 2144, 2012 WL 1748150, at *4 (citing *Saunders v. City of Chicago,* 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004)).

Defendants' motion is granted as to generalized evidence, but denied as to evidence or potential bias specific to the Defendant Officers.

**3.    Other Publicized Events of Alleged Police Misconduct**

Defendants ask the Court to bar any reference to other events of alleged police misconduct. Temple answers that he does not intend to offer any such evidence of argument.

Therefore, Defendants' motion is denied as moot.

**4.    Violation of Chicago Police Department General Orders, Special Orders, Rules, and Regulations**

Defendants seek to bar introduction of evidence, testimony, or argument that any officer violated any Chicago Police Department general orders, special orders, rules, and regulations. Defendants argue that such evidence is irrelevant to the constitutional excessive force inquiry and would be confusing and prejudicial, even if limited to impeachment. Temple agrees that such evidence cannot be used to prove a constitutional violation, but argues that violation of rules and regulations may be relevant to punitive damages and "other facts and issues in dispute." Temple requests that the use of this evidence not be barred for those purposes or the ruling be deferred until trial.

An officer's violation of or conformity with police procedures is not relevant to whether that officer's actions were objectively reasonable for the excessive force inquiry. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("[T]he violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."). Therefore, evidence of any police officers', including the Defendant Officers', compliance with general orders, special orders, rules, and regulations is irrelevant for the constitutional inquiry.

As to whether such evidence may be relevant to other trial issues—to prove willful and wanton behavior or to another unspecified purpose—is best considered when the evidence is presented. *See Galvan v. Norberg*, No. 04 C 4003, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006) (barring such evidence to prove constitutional violation, but noting that it might be relevant for other purposes). Impeachment use of such evidence will also be taken up as warranted during trial. If such evidence is allowed, the Court will consider a limiting jury instruction.

Defendants' motion is granted in part and denied in part.

5. **Non-Defendant Police Officer Misconduct**

Defendants ask the Court to bar any evidence, testimony, argument, or innuendo that any non-Defendant officer engaged in any misconduct related to or caused any injury to Temple. Temple states that he does not intend to present such evidence.

Therefore, Defendants' motion is denied as moot.

6. **Improper Training, Discipline, Misconduct Investigation, or Policies and Procedures**

Defendants seek to bar any evidence or suggestion that the City does not properly train, discipline, monitor, or control its police officers. Defendants stated that such information is highly prejudicial and irrelevant. Defendants further argue that the City cannot be held responsible for any alleged injuries if the Defendant Officers are not found liable, and because no *Monell* claim has been pleaded in this case, any evidence of policies or procedures is doubly irrelevant. Temple states that he does not intend to offer this type of evidence, but asks that the Court leave open his opportunity to rebut any evidence presented by Defendants that the Defendant Officers were properly trained to perform vehicle stops, arrests, and in the use of force.

Because Temple states that he does not intend to present such evidence, Defendants' motion is denied as moot. The Court reserves the question of rebuttal use of this evidence for trial. If this issue is presented, counsel should be prepared to provide the Court with case citations to support their positions.

7. **Civilian Complaints, Lawsuits, Employee, or Other Disciplinary Proceedings, Pending or Past Claims Against Police Personnel**

Defendants ask the Court to bar evidence of the prior disciplinary records of or complaints and lawsuits against the Defendant Officers or any other police personnel involved in the alleged incident. Temple states that he does not intend to present such evidence, therefore Defendants' motion is denied as moot. However, Temple again asks the Court to reserve the question of the rebuttal use of such evidence if Defendants open the door with testimony that complaints have not been filed against one or more Defendant Officers. The Court reserves the question of rebuttal use of this evidence. If this issue is presented, counsel should be prepared to provide the Court with case citations to support their positions.

8. **Indemnification by the City of Chicago**

Defendants seek to bar any mention that the City of Chicago will indemnify the Defendant Officers for any compensatory damages. Temple agrees that such evidence is generally irrelevant and potentially prejudicial, but seeks leave to use such evidence to rebut any testimony that the Defendant Officers are unable to pay a damages award.

While evidence of indemnification is generally excluded, once the defendant opens the door by discussing his or her financial status and inability to pay punitive damages, the plaintiff is entitled to cross-examine and rebut with evidence that the defendant will be indemnified for some or all compensatory damages. *See Lawson v. Trowbridge*, 153 F.3d 368, 380 (7th Cir. 1998); *Christmas*, 691 F. Supp. 2d at 818–19; *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *4–5 (N.D. Ill. Mar. 31, 2008). Temple may not volunteer evidence of indemnification, but may cross-examine or rebut with such evidence if the Defendant Officers place their finances at issue.

Defendants' motion is granted in part and denied in part.

### 9. Punishing or Sending a Message to the City

Defendants seek to bar any argument that the jury should "send a message" to or punish the City with its verdict. Temple states that he does not intend to make such an argument or offer any evidence on this issue.

Therefore, Defendants' motion is denied as moot.

### 10. Implication or Testimony that Chicago Police Department Personnel are Being Paid by the City to Appear in Court and Testify

Defendants ask that any statement or inferences that the Defendant Officers and other non-defendant police personnel are being paid for their court appearances. Temple states that he does not intend to make this argument, but asks that the Court leave open his opportunity to rebut if Defendants broach the subject.

Because Temple states that he does not intend to present such argument or evidence, Defendants' motion is denied as moot. The Court reserves the question of rebuttal use of this evidence for trial. If this issue is presented, counsel should be prepared to provide the Court with case citations to support their positions.

### 11. Settlement

Defendants seek to bar any testimony about settlement attempts. Temple responds that because there have been no substantive discussions regarding settlement, he does not intend to offer such evidence. Therefore, Defendants' motion is denied as moot.

### 12. Remove the City of Chicago as a Named Defendant in the Case Caption

Defendants ask that the Court remove the City of Chicago as a named defendant from the case caption, the verdict form, and all exhibits shown to the jury. Defendants state that the Amended Complaint does not contain a substantive claim against the City, the parties agree that the Defendant Officers were acting within the scope of their employment, and the City is statutorily required to pay any compensatory damages award against the Defendant Officers. Temple has no objection to this motion.

4

Defendants' motion is granted. The City of Chicago will be removed from the case caption, verdict form, and exhibits.

**13.    IPRA Investigation of the Incident**

Defendants seek to bar any mention that the Independent Police Review Authority ("IPRA") investigated this incident or that there was an "internal investigation." Defendants specifically ask that, if any party or witness is impeached with a prior sworn statement given during such investigation, everyone involved should refer to that statement as having been given "in a prior proceeding." Temple states that he objected to this motion *in limine* during the meet and confer process because neither side produced any discovery relating to an IPRA investigation.

This is the first the Court has heard of any potential discovery dispute related to IPRA materials. To the extent the parties contest specific exhibits or testimony on this basis, they should bring this to the Court's attention at the Pre-Trial Conference. The Court therefore denies Defendants' motion at this time, but reserves judgment if this issue becomes ripe.

Date:  December 2, 2015                                          /s/    Sara L. Ellis_____