**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREGORY TEMPLE,                    )
                                   )    No. 14 CV 4384
    Plaintiff,                     )
                                   )
v.                                 )    JUDGE ELLIS
                                   )
ROBERT CAVALLONE,                  )
                                   )
                                   )
    Defendant.                     )

# JURY INSTRUCTIONS

FILED

JAN 12 2016

JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case, the Defendant is a Chicago Police Officer, and the Plaintiff is a private citizen. All parties stand equal before the law and are to be dealt with as equals in a court of justice. Each party is entitled to the same fair consideration.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and a stipulation.

A stipulation is an agreement between both sides that that a person would have given certain testimony.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

A demonstrative exhibit has been shown to you. The map is used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiff claims Defendant Cavallone used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant used unreasonable force against Plaintiff; and

2. Because of that unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things against the Defendant by a preponderance of the evidence, then you should find for Plaintiff and against the Defendant and go on to consider the question of damages against the Defendant.

If, on the other hand, you find that Plaintiff did not prove any one of these things against the Defendant by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages.

You must decide whether the Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether the Defendant's use of force was unreasonable, you must not consider whether the Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

If you find that Plaintiff has proved his claim against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that the Plaintiff has failed to prove his claim, then you will not consider the question of damages.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the violations of his constitutional rights described above. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received;

2.    The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning so that Defendant and others not engage in similar conduct in the future. The decision whether to award punitive damages against the Defendant must be based solely on the Defendant's conduct.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate as to the Defendant, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors as to the Defendant:

- the reprehensibility of the Defendant's conduct;
- the impact of the Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and the Defendant;
- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;
- the Defendant's financial condition; and
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.